IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILOU REGAN and | : | CIVIL ACTION |
| FANFARE PUBLISHING, INC., | : | |
| | : | |
| Plaintiffs, | : | NO. 06-0579 |
| | : | |
| v. | : | |
| | : | |
| PRINCE RUPERT LOEWENSTEIN et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER AND MEMORANDUM**

Giles, J.                                                                        July 2, 2007

Presently before the Court are Defendants' Motion to Dismiss the Second Amended

Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and

for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2),

Plaintiffs' Response, and Defendants' Reply.  For the reasons stated below, it is hereby

ORDERED that Defendants' motion is GRANTED.  The above-captioned matter is

DISMISSED WITH PREJUDICE as to all Defendants and on all counts.

It is further ORDERED that all outstanding motions (Docket Nos. 5, 13, and 16) are

DENIED as MOOT.

Plaintiff Marilou Regan is a citizen of the Commonwealth of Pennsylvania.  Plaintiff

Fanfare Publishing, Inc. is a Pennsylvania corporation wholly owned and operated by Plaintiff

Regan.  Defendants include business managers and advisors, financial managers, and tour and

promotion companies for the music band, the Rolling Stones.[1]  All are non-residents of

Pennsylvania.

Plaintiff Regan maintains that she has been a well-known Rolling Stones fan for over

forty (40) years.  Plaintiff is a journalist by trade and claims that she has contributed greatly to

the popularity of the band by reporting on the most notable Rolling Stones events for twenty-five

(25) years, performing projects assigned by Defendants, marketing items for Defendants,

managing public relations issues at Defendants' requests, publishing the official fan magazine

and otherwise publishing newsletters and information pertinent to the Rolling Stones and their

fan club.  Plaintiff further claims that between September 1997 and 2003, Defendants paid

Plaintiff for her services concerning the band in the form of cash and barter, including

merchandise and access to concert and event tickets.

In 2000, Plaintiff began developing a fan tribute book entitled, "Love You Live, Rolling

Stones: Fanfare from the Common Fan."  Plaintiff claims she sought and was offered full

support, approval and cooperation on the project from Defendants.  Plaintiff alleges that between

1997 and 2002, Rupert Lowenstein, Tony King, Michael Cohl, Mark Norman and Steve Howard

were in regular contact with her regarding joint efforts to produce and market the book.

Specifically, Plaintiff claims that such promises from Defendants Rupert Loewenstein,

Clare Turner, and Tony King included: a promise of a forward from the Rolling Stones;

exclusive material for use in the book; contacts to help with interviews, stores, and the writing

process; select photographs owned by Defendants; marketing assistance and exclusive sales of

---

[1]  Prince Rupert Lowenstein, Rupert Lowenstein, Ltd., Tony King, Michael Cohl, Concert
Productions International (USA), LLC (sued in error as "Grand Entertainment"), Anthill
Trading, Ltd., Promotone, B.V., and Musidor, B.V.

the book at concerts, in catalogues and through the Rolling Stones official fan club website. Plaintiff avers that between June 21, 2000 and August 2002, she was in regular contact about her book's progress with Rupert Lowenstein, Ltd., Tony King, Sherry Daly (of The Rolling Stones Office/Munro Sounds Ltd.), Michael Cohl, Mark Norman, Norman Perry, and Steve Howard.

According to Plaintiff, on or about January 28, 2002, however, Defendant King (on behalf of Prince Rupert Lowenstein and Rupert Lowenstein, Ltd.), notified her that Defendants would no longer cooperate with Plaintiff on her book project and demanded that she return all of the materials provided her for use in the book.  In August 2002, Plaintiff was also notified by Defendants that they would not promote her book through the Rolling Stones fan website or at concert venues and that Defendants would not allow Plaintiff to sell or promote her book on the official fan website.

Plaintiff claims that Defendants thwarted her career as a music journalist by denying her access to press conferences and backstage events, and that she has lost professional opportunities as a result.

In February 2006, Plaintiff filed this suit against Defendants claiming breach of contract, copyright infringement, and defamation among other claims.  In their motion to dismiss, Defendants contend that this matter should be dismissed for lack of personal jurisdiction and for failure to state a claim.

**Legal Standard**

Dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73

3

(1984).  The court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) ("the material allegations of complaint are taken as admitted"); see also Holder v. City of Allentown, 987 F.3d 188, 194 (3d Cir. 1993) (quoting Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (stating that "[a]t all times in reviewing a motion to dismiss we must 'accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom'")).

Once a defendant raises the defense of lack of personal jurisdiction, the burden of proving that the jurisdictional requirements are met shifts to plaintiff.  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  To meet the burden, plaintiff must offer evidence that establishes with reasonable particularity sufficient contacts between the defendant and the forum state.  Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987); Walsh v. Alarm Security Group, Inc., 157 F. Supp. 2d 501, 505 (E.D. Pa. 2001).  "Once the motion is made, plaintiff must respond with actual proofs not mere allegations."  Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990).  Plaintiff cannot rely on the pleadings alone, and "must sustain its burden . . . through sworn affidavits or other competent evidence."  Id. ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.") (citation omitted); see also North Penn Gas Co. v. Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990).

**Discussion**

This court may exercise personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized by the state's law.  Fed. R. Civ. P. 4(e).  The Pennsylvania long arm statute provides that "its reach is co-extensive with the limits placed on the states by the federal Constitution."  42 Pa. Cons.Stat. Ann. § 5322(b).  The Constitution places the following limits on the exercise of personal jurisdiction over a defendant: (a) the defendant must have "purposefully established minimum contacts in the State;" and (b) the exercise of jurisdiction must be consistent with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Pennsylvania's long arm statute provides for the exercise of general and specific jurisdiction.  General jurisdiction over the person of a defendant is based on the defendant's continuous and systematic activity, unrelated to the suit, in the forum state, and substantially more than mere minimum contacts.  Specific jurisdiction exists where there is a demonstrable nexus between the plaintiff's claims and the defendant's forum-based activities, such that the defendant should reasonably anticipate being haled into court in that forum.  Remick v. Manfredy, 238 F.3d 248 (3d Cir. 2001).

To establish that there is specific jurisdiction over a defendant, plaintiff must demonstrate that defendant has the requisite minimum contacts in the forum state.  Upon a finding of sufficient minimum contacts, the court must determine whether exercising jurisdiction over the defendant would comport with traditional notions of fair play and substantial justice."  Int'l Shoe Co., 326 U.S. at 316.

This cause of action arose from Defendants' alleged breach of a contract to assist with the production and promotion of Plaintiff's book, and also includes claims of copyright and

5

trademark infringement and defamation.  A review of the evidence proffered by Plaintiff in the second amended complaint in support of these claims fails to supply any basis for jurisdiction over any individual Defendant.

Plaintiff claims that there is a basis for jurisdiction over Defendants because of the existence of a contract between the parties.  While entering a contract with a resident of a forum alone does not establish sufficient minimum contacts to justify the court's exercise over Defendant, Plaintiff has not succeeded in establishing that a contract between the parties existed at all.  Mellon Bank (East), Nat'l Ass'n v. DiVeronica Bros., Inc., 983 F.2d 551, 557 (3d Cir. 1993) ("Contracting with a resident of the forum state alone does not justify the exercise of personal jurisdiction over a non-resident defendant.").

The evidence submitted by Plaintiffs shows only that Plaintiff contacted Defendants seeking their approval and cooperation with her book, "Love You Live, Rolling Stones: Fanfare from the Common Fan."  In February 2000, Plaintiff approached Defendants about her book project and initiated all subsequent communications between her and Defendants regarding progress on the project.  Plaintiff sent periodic updates, traveled to London to show the book's dummy to Defendant King and others of the Rolling Stones offices, and actively pursued a relationship with Defendants.  Other than responding to Plaintiff's request for Defendants' support of her book, Defendants did not solicit the contract or initiate a business relationship leading up to the contract.

Considering the parties' alleged prior negotiations and actual course of dealing, the minimal exchange of communications between the parties cannot be characterized as purposeful or deliberate conduct specifically directed toward the forum state.  Defendants conduct does not suffice to confer specific jurisdiction over any individual Defendant for claims related to or

arising out of those activities.  "[I]nformational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]."  <u>Sunbelt Corp. v. Noble, Denton & Assocs., Inc.</u>, 5 F.3d 28, 32 (3d Cir. 1993) (citing <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1193 (5th Cir. 1985)); <u>see also</u> <u>Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.</u>, 75 F.3d 147, 152 (3d Cir. 1996).

In an affidavit, Plaintiff contends that she met with Defendants Cohl, King, and Loewenstein in Pennsylvania about her book.  These meetings, however, took place following the Defendants' refusal to collaborate with Plaintiff on her book project in January 2002; thus, if such meetings did occur, they occurred after Defendants refused to enter into any contract with Plaintiff about her book—after the cause of action for breach of contract arose— and are not relevant to a finding of specific jurisdiction over Defendants.  Plaintiff also claims that she was contacted by Defendants through mailings to her home, as well as facsimile correspondence. But the letters she submits as evidence are from Plaintiff to Defendants Cohl and King. Plaintiff's unilateral activity does not satisfy the requirement of minimum contacts between Defendants and the forum.  <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958); <u>Stranahan Gear Co. v. NL Indus.</u>, 800 F.2d 53, 59 (3d Cir. 1986).

Plaintiff also has not proven that any allegedly tortuous conduct by Defendants occurred in or was aimed at the forum state.  Specifically, the claim for copyright infringement cannot be the basis for jurisdiction over any of the named Defendants where the author and distributor of the allegedly infringing book are not named parties in the matter.

In addition, Plaintiff argues the Defendants' conduct in the forum state is "continuous and systematic" and warrants general jurisdiction over Defendants.  According to Plaintiff,

concert tours in Pennsylvania and regular sales of Rolling Stones recordings and paraphernalia constitute continuous contacts with the forum state.

General jurisdiction is established if Plaintiff can show that Defendant was carrying on a "continuous and systematic" part of its business in the forum. Provident Nat'l Bank , 819 F. 2d at 436. "[S]ignificantly more than mere minimum contacts" are required. Id. at 437.

The Rolling Stones' recordings and paraphernalia are distributed and sold in Pennsylvania and throughout the U.S. by wholly independent companies. Any receipt of royalties from the sale of such merchandise is not sufficient to establish general jurisdiction over any Defendant. Moreover, the occasional or periodic presence of the business agents of the Rolling Stones at concerts that take place in Pennsylvania, or the setting up of temporary offices during these concerts, cannot be characterized as "continuous or substantial" activity to the extent necessary to establish personal jurisdiction over any of these agents.

Plaintiff cannot establish any basis to warrant the exercise of personal jurisdiction over any Defendant because Defendants have not consistently and systematically done business in Pennsylvania. Nor have Defendants "purposefully availed [themselves]" of the privilege of doing business in Pennsylvania for purposes of establishing the minimum contacts required for general or specific jurisdiction and to satisfy due process.

Accordingly, Plaintiffs' second amended complaint is dismissed with prejudice.


BY THE COURT:

      S/ James T. Giles      
                                          J.